UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ADAM ROMANOWICZ,

                    Plaintiff,

    - against -


ALISTER & PAINE, INC.

                    Defendant.

Docket No. 17-cv-8937 (PAE)

**DECLARATION OF RICHARD P. LIEBOWITZ, ESQ. IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST ALISTER & PAINE, INC. PURSUANT TO FED.R.CIV.P. 55(b)(2) and L.R. 55.2(b)**

I, RICHARD P. LIEBOWITZ, ESQ., hereby swear under the penalty of perjury that the following is true and correct to the best of my personal knowledge:

1.      I am lead counsel for plaintiff Adam Romanowicz ("Plaintiff") and am duly admitted to practice law in this District and in the State of New York.

2.      I submit this declaration in support of Plaintiff's motion for entry of default judgment against Alister & Paine, Inc. ("Defendant") pursuant to Fed.R.Civ. 55(b); Local Rule 55.2(b); and section J of the Court's Individual Rules and Practices.

**THE BASIS FOR ENTERING A DEFAULT JUDGMENT, INCLUDING A DESCRIPTION OF THE METHOD AND DATE OF SERVICE OF THE SUMMONS AND COMPLAINT**

3.      Default judgment should be entered on grounds that Defendant has failed to file an answer or move against the Complaint; and has failed to otherwise defend the action.

4.      On November 15, 2017, Plaintiff filed a two-count complaint for copyright infringement and alteration of copyright management information. [Docket ("Dkt.") #1, Complaint].

5.      On December 1, 2017, service was effectuated by personal delivery of a true copy of the Summons, Complaint with Exhibits and Civil Cover Sheet on Defendant at its principal place of business: 40 Stapleton Court, Middletown, NY 10940. [Dkt. # 5, Affidavit of Service]. Jenna Bostok, an employee, accepted service on behalf of Defendant. [*Id.*]

6.      The deadline for Defendant to answer or otherwise respond to Complaint was December 22, 2017.  Defendant failed to answer and did not attempt to request an extension.

**THE PROCEDURAL HISTORY BEYOND SERVICE OF THE SUMMONS AND COMPLAINT**

7.      On December 26, 2017, Plaintiff filed an application with the Clerk of Court to enter default because Defendant failed to answer the Complaint by December 22, 2017.  [Dkt. # 6, Request for Default]

8.      On March 1, 2018, the Clerk filed a Certificate of Default against Defendant. [Dkt. #12, Certificate of Default].

**WHETHER, IF THE DEFAULT IS APPLICABLE TO FEWER THAN ALL OF THE DEFENDANTS, THE COURT MAY APPROPRIATELY ORDER A DEFAULT JUDGMENT ON THE ISSUE OF DAMAGES PRIOR TO RESOLUTION OF THE ENTIRE ACTION**

9.      As there is only one defendant in this action, the Court may appropriately order a default judgment against Defendant on the issue of damages.

**THE PROPOSED DAMAGES AND THE BASIS FOR EACH ELEMENT OF DAMAGES, INCLUDING INTEREST, ATTORNEY'S FEES, AND COSTS**

10.      Damages.  Plaintiff seeks an actual damages award of **$5,000** under 17 U.S. § 501(c).  Actual damages are determined by either the loss of a license fee or any profit, gain or

advantage attributable to the infringement.   Due to the Defendant's abstention from these proceedings, all presumptions of Plaintiff's loss and Defendant's gain should be construed against the defaulting Defendant.   Additionally, Plaintiff seeks statutory damages on the Second Claim in the amount of **$5,000** under 17 U.S.C. 1203(c).  Many Court in this Circuit have levied maximum statutory damages in default proceedings, where the defaulting Defendant is construed as willful. *See, e.g., Lucerne Textiles, Inc. v. H.C.T. Textiles Co.*, No. 12-cv-5456 (KMW) (AJP), 2013 WL 174226, at *3 (S.D.N.Y. Jan. 17, 2013), *report and recommendation adopted*, 2013 WL 1234911 (S.D.N.Y. Mar. 26, 2013) (on default, finding request for $30,000 in statutory damages appropriate); *Tokar v. 8 Whispering Fields Assocs., Ltd.,* No. 08-cv-4573 (ADS), 2011 WL 7445062 at *2 (E.D.N.Y. Dec. 13, 2011) (same); *Microsoft Corp. v. Computer Care Ctr., Inc.,* No. 06-CV-1429 SLT RLM, 2008 WL 4179653, at *11 (E.D.N.Y. Sept. 10, 2008) (same); *Peer Int'l Corp. v. Max Music & Entm't, Inc.*, No. 03 CIV. 0996KMWDF, 2004 WL 1542253, at *4 (S.D.N.Y. July 9, 2004) (same); *Getaped.com, Inc. v. Cangemi,* 188 F.Supp.2d 398, 403 (S.D.N.Y. 2002) (same); *Stevens v. Aeonian Press, Inc.,* No. 00 Civ. 6330(JSM), 2002 WL 31387224, at *2 (S.D.N.Y. Oct. 23, 2002) (same).

**LEGAL AUTHORITY FOR WHY AN INQUEST INTO DAMAGES WOULD BE UNNECESSARY.**

11.     As a general matter, the amount of damages to award in connection with a default judgment may be decided by the Court without a hearing.  *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Division of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997); *Fustok v. ContiCommodity Services, Inc.*, 873 F.2d 38, 40 (2d Cir. 1989) (holding that "it [is] not necessary for the District Court to hold a hearing, as long as it ensured there was a basis for the damages specified in the default judgment'").

Here, a formal inquest into actual damages is unnecessary because Plaintiff has elected a statutory damages for the alteration of copyright management information as a basis which, as a matter of law, does <u>not</u> require proof of actual damages or infringers' profits.  Insofar, as Plaintiff is entitled to actual damages for copyright infringement, the Court should construe all inferences against the defaulting Defendant.  *See, e.g., Peer Int'l Corp. v. Max Music & Entm't, Inc.,* No. 03 CIV. 0996 (KMW-DF), 2004 WL 1542253, at *2 (S.D.N.Y. July 9, 2004) (statutory damages may be awarded under 17 U.S.C. § 504(c)(1) "without requiring a plaintiff to make a showing of profit by the defendant or loss by the plaintiff as a result of the infringing activity."); *Starbucks Corp. v. Morgan*, 99 Civ. 1404, 2000 WL 949665 at *2 (S.D.N.Y. July 11, 2000) (statutory damages "'are available without proof of plaintiff's actual damages or proof of any damages."); *Tu v. TAD System Technology, Inc.*, 2009 WL 2905780 (E.D.N.Y. Sept. 10, 2009) ("the failure to establish actual damages does not impair this Court's ability to devise a proper statutory award.");  See *Lane Crawford LLC v. Kelex Trading (CA) Inc*., No. 12 CIV. 9190 GBD AJP, 2013 WL 6481354, at *3 (S.D.N.Y. Dec. 3, 2013), *report and recommendation adopted*, No. 12 CIV. 9190 GBD AJP, 2014 WL 1338065 (S.D.N.Y. Apr. 3, 2014) (collecting cases). Several other Courts in this District have granted similar motions without an inquest into damages Chevrestt v. Craft Nation Inc.   (1:17-cv-9232-JSR); Lee v. White Cat Media, Inc. (1:17-cv-8122-JSR); Miller v. AllHipHop.com LLC (1:16-cv-2744-RA).

12.     Accordingly, the Court has discretion to award $10,000 in actual and statutory damages without the need to hold an inquest.

Dated: March 8, 2018
Valley Stream, New York

**/Richard P. Liebowitz/**

By: Richard P. Liebowitz
LIEBOWITZ LAW FIRM
11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580
(516) 233-1660
jf@liebowitzlawfirm.com

*Counsel for Plaintiff Adam Romanowicz*