Richard P. Liebowitz
LIEBOWITZ LAW FIRM PLLC
11 Sunrise Plaza, Ste. 305
Valley Stream, New York 11580
(516) 233-1660
rl@liebowitzlawfirm.com

*Counsel for Plaintiff Adam Romanowicz*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADAM ROMANOWICZ, <br><br>                   Plaintiff, <br><br>    - against - <br><br><br> ALISTER & PAINE INC., <br><br>                  Defendant. | Docket No. 17-cv-8937(PAE)(KHP) |

## PLAINTIFF'S MEMORANDUM OF LAW
## IN SUPPORT OF INQUEST ON DAMAGES
## AGAINST ALISTER & PAINE INC. PURSUANT TO FED.R.CIV.P. 55(b)(2) and L.R. 55.2(b)

## BACKGROUND

Plaintiff Adam Romanowicz is a professional photographer who licenses his images for a fee. Proposed Findings of Fact and Conclusions of Law ("Prop. Fact/Law") ¶2. In January of 2011, Romanowicz photographed an ornate lion's head doorknob. Id. ¶3. Romanowicz registered his photograph that is the subject of this litigation on March 31, 2017 as part of a copyright registration for images published in 2011. Id. ¶ 16.

On November 15, 2017, Plaintiff filed a two-count action for copyright infringement and removal of copyright management information, alleging that Defendant published his registered photograph (the "Subject Photograph") without Plaintiff's consent in violation of his rights under 17 U.S.C. § 106 and 17 U.S.C. §1202(b). [Dkt. #1, Compl., ¶¶ 1, 16, 25.]

On April 25, 2018, Hon. Judge Engelmayer entered a default judgment against Defendant on liability.


## ARGUMENT

### POINT I:   THE WELL PLEADED ALLEGATIONS OF THE COMPLAINT ESTABLISH THE DEFENDANT'S VIOLATION OF PLAINTIFF'S COPYRIGHT

When a default judgment is entered, the defendant's failure to respond constitutes an admission of the well-pleaded factual allegations in the complaint, except as to claims relating to damages." *Coated Fabrics Co.,* 2008 WL 163598, at *4 (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir.1992); *Au Bon Pain Corp. v. Artect, Inc.,* 653 F.2d 61, 65 (2d Cir. 1981)).


### POINT II:   THE COURT SHOULD AWARD $10,000 IN ACTUAL DAMAGES

**A.     AS A MATTER OF LAW, THE COURT MAY DRAW AN INFERENCE OF WILLFULNESS FROM DEFENDANT'S FAILURE TO APPEAR AND DEFEND THE ACTION**

In connection with the determination of damages under § 504, the Second Circuit has defined "willfulness" as the defendant's actual or constructive knowledge that his actions constitute an infringement; thus, "reckless disregard of the copyright holder's rights . . . suffices to warrant award of the enhanced damages." *N.A.S Imp. Corp. v. Chenson Enterpr.,* 968 F.2d 250, 252 (2d Cir. 1992) (internal quotation marks and citation omitted); *see also Yurman Design, Inc. v. PAJ, Inc.,* 262 F.3d 101, 112 (2d Cir. 2001) ("Willfulness in this context means that the defendant recklessly disregarded the possibility that its conduct represented infringement. A plaintiff is not required to show that the defendant had knowledge that its actions constituted an infringement.") (internal quotation marks and citations omitted).

It is well-established in this Circuit that the Court may infer willfulness from a defendant's failure to answer or otherwise appear. *See, e.g., Rovio Entm't, Ltd. v. Allstar Vending, Inc.*, 97 F. Supp. 3d 536, 546 (S.D.N.Y. 2015) ("Copyright infringement is deemed willful by virtue of a defendant's default."); *All–Star Mktg. Grp., LLC v. Media Brands Co.*, 775 F.Supp.2d 613, 621–22 (S.D.N.Y. 2011) ("Defendants have defaulted and by virtue of their default are deemed to be willful infringers"); *Chloe v. Zarafshan,* 06 Civ. 3140, 2009 WL 2956827 at *7 (S.D.N.Y. Sept. 15, 2009) ("Willfulness may be established by a party's default because an innocent party would presumably have made an effort to defend itself."); *Malletier v. Carducci Leather Fashions, Inc.,* 648 F.Supp.2d 501, 504 (S.D.N.Y.2009) ("Here, by virtue of its default, [defendant] has admitted [plaintiff]'s allegation that it acted knowingly and intentionally or with reckless disregard or willful blindness to [plaintiff]'s rights."); *Microsoft Corp. v. Computer Care Ctr., Inc.*, No. 06-CV-1429 SLT RLM, 2008 WL 4179653, at *10 (E.D.N.Y. Sept. 10, 2008) ("The Court may infer that defendants' infringement was willful from

their failure to continue to defend this lawsuit."); *Van Der Zee,* 2006 WL 44020, at *3

("[W]illful infringement may ... be inferred from [defendant's] failure to appear and defend the

action."); *Peer Int'l Corp.,* 2004 WL 1542253, at *3 ("the entry of the default judgment alone

supports the finding of willfulness."); *Fallaci v. New Gazette Literary Corp.,* 568 F.Supp. 1172,

1173 (S.D.N.Y. 1983) (in a copyright case, the court "dr[e]w a further inference of willfulness

from the defendant's failure to appear and defend th[e] action, especially in light of plaintiff's

allegation of willfulness and demand for increased statutory damages applicable to willful

infringers") (internal quotation marks and citation omitted).

Here, Defendant's utter disregard for this proceeding in its entirety, coupled with

Defendant's refusal to respond to Plaintiff's repeated good faith efforts to contact Defendant and

resolve the suit warrant the Court's finding of willfulness.

**B.      PLAINTIFF IS ELIGIBLE FOR ACTUAL DAMAGES ON COPYRIGHT
         INFRINGEMENT CLAIM.**

The Copyright Act entitles the Plaintiff to collect actual damages 17 U.S.C. §504(b).

Actual damages consist of any loss sustained by the Plaintiff and any revenue, profit or

advantage gained by the Defendant as a result of the infringement.  In the absence of the

Defendant's accounting, due to its lack of participation in the process, the Plaintiff is at a severe

disadvantage in estimate the extent of actual damages.   It is difficult to ascertain how much the

Defendant saved in using Plaintiff's photograph as well as how much Defendant profited,

gained, benefitted as a result of the infringement.  Prop. Fact/Law ¶ ¶ 17-21.  The Defendant's

unwillingness to participate in good faith should be construed against it, and in the favor of the

Plaintiff.

The Plaintiff's calculation of actual damages depends, in large part, on the Defendant's

accounting of revenue, profits and/or advantage gained as a result of the infringement. Though

Plaintiff has not licensed the Subject Photograph, a comparable photograph is available on Getty Images' website for $480. The Plaintiff estimates that actual damages in the amount of $2,000.

### C. PLAINTIFF IS ELIGIBLE FOR STATUTORY DAMAGES ON DMCA CLAIM.

Additionally, Plaintiff seeks statutory damages on the Second Claim in the amount of $25,000 under 17 U.S.C. 1203(c).  Many Court in this Circuit have levied maximum statutory damages in default proceedings, where the defaulting Defendant is construed as willful. *See, e.g., Lucerne Textiles, Inc. v. H.C.T. Textiles Co.*, No. 12-cv-5456 (KMW) (AJP), 2013 WL 174226, at *3 (S.D.N.Y. Jan. 17, 2013), *report and recommendation adopted*, 2013 WL 1234911 (S.D.N.Y. Mar. 26, 2013) (on default, finding request for $30,000 in statutory damages appropriate); *Tokar v. 8 Whispering Fields Assocs., Ltd.,* No. 08-cv-4573 (ADS), 2011 WL 7445062 at *2 (E.D.N.Y. Dec. 13, 2011) (same); *Microsoft Corp. v. Computer Care Ctr., Inc.,* No. 06-CV-1429 SLT RLM, 2008 WL 4179653, at *11 (E.D.N.Y. Sept. 10, 2008) (same); *Peer Int'l Corp. v. Max Music & Entm't, Inc.,* No. 03 CIV. 0996KMWDF, 2004 WL 1542253, at *4 (S.D.N.Y. July 9, 2004) (same); *Getaped.com, Inc. v. Cangemi,* 188 F.Supp.2d 398, 403 (S.D.N.Y. 2002) (same); *Stevens v. Aeonian Press, Inc.,* No. 00 Civ. 6330(JSM), 2002 WL 31387224, at *2 (S.D.N.Y. Oct. 23, 2002) (same).

On the DMCA claim, Plaintiff has elected a statutory damages for the alteration of copyright management information as a basis which, as a matter of law, does <u>not</u> require proof of actual damages or infringers' profits.  Insofar, as Plaintiff is entitled to actual damages for copyright infringement, the Court should construe all inferences against the defaulting Defendant.  *See, e.g., Peer Int'l Corp. v. Max Music & Entm't, Inc.,* No. 03 CIV. 0996 (KMW-DF), 2004 WL 1542253, at *2 (S.D.N.Y. July 9, 2004) (statutory damages may be awarded under 17 U.S.C. § 504(c)(1) "without requiring a plaintiff to make a showing of profit by the

defendant or loss by the plaintiff as a result of the infringing activity."); *Starbucks Corp. v. Morgan*, 99 Civ. 1404, 2000 WL 949665 at *2 (S.D.N.Y. July 11, 2000) (statutory damages "'are available without proof of plaintiff's actual damages or proof of any damages."); *Tu v. TAD System Technology, Inc.*, 2009 WL 2905780 (E.D.N.Y. Sept. 10, 2009) ("the failure to establish actual damages does not impair this Court's ability to devise a proper statutory award.");  See *Lane Crawford LLC v. Kelex Trading (CA) Inc*., No. 12 CIV. 9190 GBD AJP, 2013 WL 6481354, at *3 (S.D.N.Y. Dec. 3, 2013), *report and recommendation adopted*, No. 12 CIV. 9190 GBD AJP, 2014 WL 1338065 (S.D.N.Y. Apr. 3, 2014) (collecting cases).

Accordingly, the Court has discretion to award $2,000 in actual damages for copyright infringement and $25,000 in statutory damages for the removal of copyright management information.

### D. ATTORNEYS' FEES AND COSTS

1. THE COURT SHOULD AWARD $5,810 IN ATTORNEYS' FEES THRU 5/25/18

Under the Copyright Act, an award of fees is appropriate to promote the goal of deterrence where the evidence supports a finding of willfulness. *See Kepner-Tregoe, Inc. v. Vroom,* 186 F.3d 283, 289 (2d Cir.1999); *see also U2 Home Entm't, Inc. v. Lai Ying Music & Video Trading, Inc.,* No. 04-CV-1233 (DLC), 2005 WL 1231645, at *7 (S.D.N.Y. May 25, 2005); *Peer Int'l Corp.,* 2004 WL 1542253, at *5.  Here, willfulness may be inferred from defendant's default.  *See Microsoft Corp.,* 2008 WL 4179653, at *13 (awarding attorneys' fees); *Entral Group Int'l, LLC,* 2006 WL 3694584, at *6 (same).

"Defendant's default ordinarily would weigh in favor of awarding attorneys' fees and costs under 17 U.S.C. § 505." *CJ Prod. LLC,* 2012 WL 2856068, at *3; see also *All–Star Mktg. Grp.,* 775 F.Supp.2d at 628 (awarding plaintiff reasonable attorney's fees in a copyright

infringement case where defendant defaulted); *Pearson Educ., Inc. v. Vergara,* 2010 WL 3744033 at *5 ("awarding costs and attorney's fees is warranted, in order to compensate the plaintiffs for the costs they incurred to retain counsel to initiate this litigation and secure judgment by default"); *Gladys Music v. Bilbat Radio, Inc.,* No. 07–CV–6086, 2007 WL 3033960 at *1 (W.D.N.Y. Oct. 15, 2007) (awarding plaintiff reasonable attorney's fees in a copyright infringement case where defendant defaulted and the amount of attorneys' fees "due to Plaintiffs ... deriv[ed] from Defendants' repeated violations of copyright law.")

When determining the reasonableness of attorneys' fees, this Circuit uses the "lodestar method," which involves comparison of the rates charged by the prevailing party's counsel with the rates charged by attorneys of similar skill and experience practicing in the same locality. *See, e.g. Dweck v. Amadi,* 10 Civ. 2577, 2012 WL 3020029 at *4 & n. 5 (S.D.N.Y. July 6, 2012) (collecting cases approving $180 to $440 hourly rates for intellectual property associates), *report & rec. adopted,* 2012 WL 3024185 (S.D.N.Y. July 24, 2012); *OZ Mgmt. LP v. Ozdeal Inv. Consultants, Inc.,* 09 Civ. 8665, 2010 WL 5538552 at *3 (S.D.N.Y. Dec. 6, 2010) (approving $395 to $435 associate rates), *report & rec. adopted,* 2011 WL 43459 (S.D.N.Y. Jan.5, 2011); *U.S.A. Famous Original Ray's Licensing Corp. v. Tisi's Pizza & Pasta Inc.,* 09 Civ. 5517, 2009 WL 4351962 at *7 (S.D.N.Y. Dec.1, 2009) (Peck, M.J.) ($295 for ninth year associate is "commensurate with (if not lower than) the rates that attorneys in Manhattan with comparable experience charge and the rates that Southern and Eastern District judges have approved in other intellectual property cases"), *report & rec. adopted,* 2009 WL 5178023 (S.D.N.Y. Dec. 31, 2009); *Entral Group Int'l LLC,* 2007 WL 2891419, at *10 (finding associate rates of $360 and $340 to be reasonable in copyright infringement case); *Crescent Publ'g Group v. Playboy Enters., Inc.,* 246 F.3d 142, 150 (2d Cir. 2001) (rates of $354 per hour for partners and $250 per

hour for associates deemed reasonable when compared with the rates charged by attorneys of similar skill and experience practicing in New York City).

Here, Plaintiff has adequately supported his claims for attorneys' fees by submitting an attorney declaration, detailed time records, and a statement regarding the lead attorney's individual billing rate which at $350/hr. is consistent with the local market for legal services in the field of copyright litigation. [*See* Declaration of Richard P. Liebowitz, dated May 25, 2018, and attached exhibits.]

2. THE COURT SHOULD AWARD $519.00 IN COSTS

Plaintiff can also recover his claimed costs for filing fees, service fees, and postage either as allowed costs under the general cost recovery statute, 28 U.S.C. § 1920.

Here, Plaintiff has sufficiently documented his costs by submission of detailed time records listing disbursements and expenditures as well as paid invoices for services of process. [*See* Declaration of Richard P. Liebowitz, dated May 25, 2018, and attached exhibits.]

Overall, the fees and costs sought are reasonable, and are recoverable under the applicable statutes. Therefore, Plaintiff respectfully requests that the Court grant his request for $5,810 in attorneys' fees and $519 in costs.

**CONCLUSION**

Based on the foregoing reasons, the Court should assess actual damages in the amount of $2,000, statutory damages in the amount of $25,000 as well as $5,810 in attorneys' fees and $519 in costs against API for liability for copyright infringement and removal of copyright management information, respectively.

Respectfully Submitted,

/s/Richard P. Liebowitz

By: Richard P. Liebowitz
LIEBOWITZ LAW FIRM
11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580
(516) 233-1660
rl@liebowitzlawfirm.com

*Counsel for Plaintiff Adam Romanowicz*