UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADAM ROMANOWICZ,<br><br>       Plaintiff,<br><br>- against -<br><br>ALISTER & PAINE, INC.<br><br>       Defendant. | Docket No. 17-cv-8937 (PAE)<br><br>**PLAINTIFF'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF DEFAULT JUDGMENT** |

Plaintiff Adam Romanowicz ("Romanowicz") submits the following Proposed Findings of Fact and Conclusions of Law in accordance with the April 26, 2018 Order for an inquest on damages. Dkt. No. 19.

## FINDGINS OF FACT

### A. STANDARD

1. In light of the default Defendant Alister & Paine, Inc. ("API"), this Court must accept as trueRomanowicz's well-pleaded allegation concerning issues pertaining to liability. *Coated Fabrics Co. v. Mirle Corp.,* No. 06-cv-5415, 2008 WL 163598, *4 (E.D.N.Y. Jan. 16, 2008) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir.1992).

### B. BACKGROUND

2. Romanowicz is professional photographer in the business of selling his photographs for a fee. Complaint ("Compl."), Dkt. No. 1 ¶5, Affidavit of Adam Romanowicz ("Affid. Romanowicz") ¶2.

3. In or around January of 2011, Romanowicz photographed a lion's head doorknob that is the subject of this litigation ("Subject Photograph"). Compl. ¶7 & Exhibit A, Affid. Romanowicz ¶3.

4. On April 21, 2011, Romanowicz first published the Subject Photograph on Fine Art America's website. Id. ¶4.

5. On Fine Art America's website, the Subject Photograph was published with a gutter credit, identifying Romanowicz as the photographer. Id. ¶5, Compl. ¶23 & Exhibit C.

6. Later, Romanowicz published the Subject Photograph on his own photography website, 3scape.com. Id. ¶6.

7. Romanowicz's name appears near the Subject Photograph on his website, identifying him as the photographer. Id. & Exhibit A.

8. As displayed to the public on his own website, Romanowicz posted a watermark on bottom-right corner of the Subject Photograph that reads: 3scape.com. Id. ¶7

9. API has at all times material hereto owned and operated a website at the URL: [www.AlisterPaine.com](www.AlisterPaine.com) ("API's website"). Compl. ¶6.

10. API's website is a digital magazine that features articles geared toward the modern executive. It has information on business, travel, dining, cars, and luxury goods. The website features advertising, sponsors, and a subscription method. See www.alisterpaine.com.

11. On or around December 24, 2012 API's website ran an article entitled "Opportunity Knocks: Make Sure 2013 is Your Year For Big Change." The Subject Photograph was prominently featured in the article. Compl. ¶11 & Exhibit B.

12. When displaying the Subject Photograph on its own website, API removed any information identifying Romanowicz as the photographer, and did not feature a 3scape.com watermark. Compl. ¶¶24, 26.

13. API never licensed the Subject Photograph, nor had permission or consent to display it on its website. Compl. ¶¶12, 15; Affid. Romanowicz ¶¶9, 10.

14. Romanowicz has at all times materials hereto been the sole proprietor of the right, title, and interest in and to the copyright in the Subject Photograph. He is the author and copyright owner of the Subject Photograph. Compl. ¶¶8, 10. Affid. Romanowicz ¶8 & Exhibit B.

15. Romanowicz caused a copy of the Subject Photograph to be deposited with the U.S. Copyright Office as part of an application for copyright registration. Affid. Romanowicz ¶8.

16. The Register of Copyrights for the U.S. Copyright Office issued Romanowicz a Ceritifate of Registration for the copyright to Subject Photograph, No. VA-2-051-111, effective on March 31, 2017. Affid. Romanowicz ¶8 & Exhibit B; Compl. ¶10.

**C. DAMAGES**

17. Getty Images is an industry leader in licensing of photographs. Affid. Romanowicz ¶13.

18. A similar image to the Subject Photograph can be found on Getty Images' website. Id. ¶¶11, 15 & Exhibit C.

19. Getty Images gives a price quote for an image similar to the Subject Photograph, to be used on a commercial blog, for up to 3 years for $480.

20. Getty Images' significant market share makes its price quote for analogous usage rights for a similar image indicative of what a willing seller and a willing buyer would agree upon.   Affid. Romanowicz ¶13.

21. Similar to Getty Images, Romanowicz would be able to license the Subject Photograph for similar use (commercial blog for up to 3 years) for $480.   Affid. Romanowicz ¶14.

## CONCLUSIONS OF LAW

**A. Romanowicz is Entitled to Actual Damages for API's Copyright Infringement**

22. Romanowicz is entitled to an award of actual damages and profits pursuant to 17 U.S.C. §504(b).

23. Romanowicz directly lost $480 in a licensing fee as a result of the infringement. Affid. Romanowicz ¶14.

24. API saved $480 in licensing costs as a result of the infringement.   Id.

25. Romanowicz is unable to show API's profits, gains, benefits or other advantages attributable to the infringement due to API's abstention from these proceedings.

26. Evidence shows that API's website is commercial in nature, with advertising and corporate sponsors.

**B. Romanowicz is entitled to statutory damages for API's violations of the DMCA.**

27. Copyright owner may elect to receive statutory damages for violations of DMCA Section 1202.  17 U.S.C. §1203(c)(3)(B).  Romanowicz elects statutory damages for API's violation of integrity of copyright management information.

28. Statutory damages in the amount of no less than $2,500 or more than $25,000 are available for violations of 17 U.S.C. §1202(b).   17 U.S.C. 1203(c)(3)(B).

29. API has been found liable for one violation of 17 U.S.C. §1202(b). Dkt. ¶18.

30. As API intentionally and knowingly removed copyright management information with the intent to induce, enable, facilitate, or conceal its infringement of Romanowicz's copyright in the Subject Photograph and refused to participate in this litigation, these factors favor the imposition of maximum statutory damages to deter API and similarly situated defendants.   Given API's commercial nature $25,000 would be necessary and sufficient to accomplish the goals of the Copyright Act.

**C. Romanowicz is entitled to reasonable Attorneys' Fees and Costs of Litigation**

31. DMCA permits the court to award a prevailing plaintiff his reasonable attorneys' fees and costs.  17 U.S.C. §1203(b)(4-5).

32. API's default weighs in favor of awarding attorney's fees and costs.  All-Star Mktg. Grop., 775 F. Supp. 2d 613, 628 (S.D.N.Y. 2011).

33. According to detailed billing records, reasonable attorneys' fees in this matter amounts to $5,810 for legal work. The billing records lack any indicia of frivolity.   See Declaration of Richard Liebowitz ("Decl. Liebowitz") attached as Exhibit A.

34. Romanowicz seeks $519 for costs, which includes court filing fee of $400 and service of process costs.

Dated: May 25, 2018                                         Respectfully Submitted,
Valley Stream, New York

**/Richard P. Liebowitz/**

By: Richard P. Liebowitz
LIEBOWITZ LAW FIRM

11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580
(516) 233-1660
rl@liebowitzlawfirm.com

*Counsel for Plaintiff Adam Romanowicz*